IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

STEPHANIE WITT, §
 §
 Plaintiff, §
 § Civil Action No. 3:06-CV-1384-D
VS. §
 §
COUNTRYWIDE HOME LOANS, INC., §
 §
 Defendant. §

MEMORANDUM OPINION
AND ORDER

This removed declaratory judgment relates to whether a lender has the right to foreclose non-judicially on a lien securing a home loan. Both parties move for summary judgment. Concluding that there are genuine issues of material fact that preclude summary judgment for either party, the court denies both motions.

I

In February 1999 plaintiff Stephanie Witt ("Witt") executed an Adjustable Rate Note ("Note") and Deed of Trust ("DOT") to secure a $122,771.00 loan that she used to purchase a home located in Allen, Texas.[1] Defendant Countrywide Home Loans, Inc. ("Countrywide") made the loan. The DOT contained an acceleration clause under which the full balance of the Note would become due

---

[1]In addressing these cross-motions, the court recounts the evidence in a light favorable to the summary judgment nonmovant and draws all inferences in favor of the nonmovant. *E.g., U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.) (citing *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000)).

upon Witt's failure to meet her payment obligations.[2] The acceleration clause was initially triggered in June 2000, after Witt first fell behind on her payments. At that time, Countrywide posted her home for non-judicial foreclosure under the terms of the DOT.[3]

In December 2000 the parties entered into a Loan Modification Agreement ("Modification Agreement") that purported to add to the principal balance due under the Note the sum of $4,706.37 in past-due interest, property insurance premiums, and other monies paid by Countrywide. In 2001 Witt again fell behind on her payments, and Countrywide exercised its rights under the acceleration clause. This time, Countrywide notified Witt of its intent to conduct a judicial foreclosure, in accordance with Tex. Const. Ann. Art. XVI, § 50a(6) and Tex. R. Civ. P. 735 and 736.[4] These provisions relate to voluntary liens created pursuant to home equity loan agreements.[5] Countrywide maintains that it inadvertently and

---

[2]The acceleration proviso states, in relevant part, that "[i]f the default is not cured on or before the date specified in the notice, Lender, at its option, may require immediate payment in full of all sums accrued by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by applicable law." D. App. 40.

[3]Paragraph 21 of the DOT grants Countrywide a right to non-judicial foreclosure.

[4]All rule references in this memorandum opinion and order are to Texas Rules of Civil Procedure.

[5]Tex. Const. Ann. Art. XVI, § 50a(6) provides, in relevant part:

mistakenly characterized and referred to the Note as a "home equity loan." In any event, Witt was able to avoid foreclosure in 2001 by filing for bankruptcy.

In 2004 Witt became in arrears on her payments for a third time. Countrywide again accelerated the Note and notified Witt of its intent to seek judicial foreclosure. Witt responded by filing suit in state court, alleging claims for, *inter alia*, breach of contract and violations of the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. §§ 17.41-17.826. Of potential significance to the instant case, Countrywide did not counterclaim for foreclosure. Following a jury trial, the state court ruled in favor Countrywide and entered final judgment in its favor in December 2005.

In June 2006 Witt filed this suit in state court seeking a declaratory judgment invalidating Countrywide's lien. She alleged that Countrywide had waived its right to foreclose by failing to file a compulsory counterclaim for judicial foreclosure in response

---

> The homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for . . . an extension of credit that . . . is secured by a voluntary lien on the homestead created under a written agreement with the consent of each owner and each owner's spouse.

Rules 735 and 736 relate to procedures for foreclosure of a lien created under Tex. Const. Ann. Art. XVI, § 50a(6) for a home equity loan.

to her 2004 lawsuit. Countrywide removed the case to this court based on diversity of citizenship.

In February 2007 Witt amended her complaint to allege an additional basis for invalidating the lien: that the December 2000 Modification Agreement included a "refinancing" of the insurance premiums paid by the defendant concerning the property. Countrywide has counterclaimed seeking a declaratory judgment that the lien is valid and that it is entitled to conduct a non-judicial foreclosure.

Witt and Countrywide each move for summary judgment, and each seeks declaratory relief concerning the validity of the lien and availability of non-judicial foreclosure, as well as attorney's fees. Witt requests a declaratory judgment that Countrywide is barred from foreclosing on her home under the compulsory counterclaim rule and principles of res judicata, and on the basis that the lien is invalid. Countrywide seeks a declaratory judgment that the lien is valid and that it is entitled to commence non-judicial foreclosure proceedings on the property.

II

The court considers first Countrywide's motion for summary judgment.

A

Countrywide contends that it is entitled to summary judgment based on an exception to the compulsory counterclaim rule that

permits lenders to exercise non-judicial foreclosure remedies; that the loan is not a home equity loan; and that the 2000 Modification Agreement does not constitute a refinancing of a previous loan, and that the loan was not for an impermissible purpose under Texas law. Countrywide also moves for summary judgment on its counterclaim for a declaratory judgment, in which it seeks a declaration that its lien is valid and that it is entitled to proceed with a non-judicial foreclosure. It also seeks summary judgment on its claim for attorney's fees under the terms of the Note and DOT.

Countrywide's summary judgment burdens vary according to whether it is seeking summary judgment on Witt's claims or on its counterclaims. Regarding Witt's claims, because Countrywide will not have the burden of proof at trial, it can meet its summary judgment obligation by pointing the court to the absence of evidence to support the claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once it does so, Witt must go beyond her pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The failure to produce proof as to any essential element renders all other facts immaterial. *Edgar v. Gen. Elec. Co.*, 2002 WL 318331, at *4 (N.D.

Tex. Feb. 27, 2002) (Fitzwater, J.) (citing *Celotex Corp.*, 477 U.S. at 323). Summary judgment is mandatory if Witt fails to meet this burden. *Little*, 37 F.3d at 1076.

Concerning its motion for summary judgment on its counterclaims, however, because Countrywide will have the burden of proof on those claims at trial, it "must establish 'beyond peradventure all of the essential elements of the claim[s].'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)).

B

Countrywide first posits that it is entitled to summary judgment on Witt's declaratory judgment action because Rule 97(a) (which addresses compulsory counterclaims) does not apply to lenders with a contractual right of non-judicial foreclosure, regardless whether the Note is characterized as a purchase money loan (as Countrywide contends) or as a home equity loan (as Witt contends). Witt responds that Countrywide waived its right to conduct a non-judicial foreclosure by making certain representations in July 2001 and March 2004 letters that characterized the Note as a home equity loan. She posits under Rules 735 and 736 that home equity loans may only be foreclosed on

judicially.⁶

1

Texas law recognizes an exception to the compulsory counterclaim rule in the case of foreclosure actions. *See Douglas v. NCNB Tex. Nat'l Bank*, 979 F.2d 1128, 1130 (5th Cir. 1992) (reasoning that a "borrower should not be able to force its lender to elect judicial foreclosure by merely filing an action challenging the validity of the note.") (citing *Kaspar v. Keller*, 466 S.W.2d 326, 328-29 (Tex. Civ. App. 1971, writ ref'd n.r.e); *Thurman v. FDIC*, 889 F.2d 1441, 1445 (5th Cir. 1989); *Phillips v. FDIC*, 124 B.R. 712, 717 (Bankr. W.D. Tex. 1991)). Under that exception, a lender with a contractual right of non-judicial foreclosure may "refrain from filing a counterclaim on overdue notes and . . . wait to pursue either a judicial or non-judicial foreclosure remedy." *Douglas*, 979 F.2d at 1130. "The purpose of this rule is to prevent a borrower from depriving its lender of a choice of remedies." *Id.*

But "[i]f the lender has elected to pursue one of two mutually exclusive remedies or has waived one of those remedies, the rule is different." *Douglas Drilling, Inc. v. NCNB Texas Nat. Bank*, 1992 WL 415407, at *1 (N.D. Tex. May 21, 1992) (Cummings, J.) (citing

---

⁶Witt also points to the Modification Agreement itself and to the position Countrywide took in the prior state court action, in which it produced briefing and affidavits referring to the Note as a home equity loan.

*Phillips*, 124 B.R. at 719). "A lender is not protected from the consequences of choices voluntarily made." *Id.* (citing *Phillips*, 124 B.R. at 719). Thus if the lender has waived its right to non-judicial foreclosure, the borrower is no longer forcing the lender to elect foreclosure merely by filing suit against the lender, and the rationale for the rule is no longer implicated. *See Phillips*, 124 B.R. at 725 (holding waiver of right to non-judicial foreclosure merges with final judgment and is binding on parties under principles of res judicata). Accordingly, if Countrywide was obligated to counterclaim for foreclosure in response to Witt's 2004 suit, it is only because Countrywide waived its other option, not because Witt sued Countrywide. *See id*. at 720.

2

Waiver is the voluntary or intentional relinquishment of a known right, or intentional conduct inconsistent with claiming such a right. *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938); *Enserch Corp. v. Rebich*, 925 S.W.2d 75, 82 (Tex. App. 1996, writ dism'd by agrmt.) (citation omitted). To establish a waiver of rights under a contract, such as is the case here, there must be proof of an intent to relinquish a known right. *Johnson v. Structured Asset Servs., LLC*, 148 S.W.3d 711, 722 (Tex. App. 2004, no pet.) (citation omitted). To be valid, a contractual waiver must be knowing. *Citizens Nat'l Bank v. Allen Rae Invs., Inc.*, 142 S.W.3d 459, 475 (Tex. App. 2004, no pet.). Thus a party can waive

contractual provisions that are in the contract for the party's benefit, provided there is an intentional relinquishment of that right. *E.g., Dillee v. Sisters of Charity of Incarnate Word Health Care Sys., Houston, Tex.*, 912 S.W.2d 307, 309 (Tex. App. 1995, no writ).

Construing the evidence in a light favorable to Witt, Countrywide's representations are sufficient to raise a genuine fact issue concerning whether it waived its right to non-judicial foreclosure. Countrywide twice indicated its intent to judicially foreclose on the property: once in 2001 and again in 2004. And the evidence would permit a reasonable jury to find that Countrywide made certain representations in letters it sent Witt in 2001 and 2004 that characterized the Note as a home equity loan.

Witt contends, and Countrywide does not appear to dispute, that under Rules 735 and 736, home equity loans can only be judicially foreclosed.[7] Without suggesting that a jury *will* find that a waiver occurred, the court concludes that a reasonable jury *could* find a waiver based on these facts.

Countrywide contends that the purported distinction between home equity and purchase money loans is a distinction without a difference for purposes of the foreclosure action exception to the

---

[7]As noted *supra* at note 6, Witt also points to the Modification Agreement and to Countrywide's stated position in the prior state court action, in which it produced briefing and affidavits referring to the Note as a home equity loan.

compulsory counterclaim rule, because the exception applies both to judicial and non-judicial foreclosures.[8] This argument is misplaced, however, because, as the court explains above, the exception to the compulsory counterclaim rule does not apply at all where the lender has already made its remedial choice by waiving its right to foreclose. *See, e.g., Phillips*, 124 B.R. at 721, 725.

The court concludes that there is a genuine issue of material fact whether Countrywide waived its bargained-for right of non-judicial foreclosure by representing, *inter alia*, that the Note and Modification Agreement were components of a home equity loan and that it intended to judicially foreclose on the property. The court therefore denies this basis for Countrywide's summary judgment motion.

C

Countrywide also moves for summary judgment on its counterclaim for a declaratory judgment, seeking a declaration that its lien is valid and that it is entitled to non-judicial foreclosure of its lien. It also seeks summary judgment on its claim for attorney's fees under the terms of the Note and DOT.

For the reasons already set out, and because there is a genuine issue of material fact with respect to the validity of the

---

[8]Under Texas law, if the loan is a home equity loan, the purported contractual right to non-judicial foreclosure is a nullity and therefore cannot be waived, and the compulsory counterclaim rule applies. *See* Rule 735.

lien and availability of non-judicial foreclosure, the court denies Countrywide's motion for summary judgment on its counterclaim and request for attorney's fees.

III

The court now considers Witt's summary judgment motion. Witt seeks a declaratory judgment that Countrywide is barred under the compulsory counterclaim rule and based on res judicata from foreclosing on her home, and is precluded from doing so because the lien is invalid. Witt also seeks attorney's fees.

Because Witt will bear the burden of proof at trial on her declaratory judgment claim, she "must establish 'beyond peradventure all of the essential elements of the claim.'" *Bank One, Tex., N.A.*, 878 F. Supp. at 962. Witt has not met this burden. Although the court has concluded that there is a genuine issue of material fact whether Countrywide waived its right to foreclose, Witt has not satisfied the heavy burden of establishing entitlement to relief "beyond peradventure" and as a matter of law. This is because Countrywide has, at a minimum, adduced evidence from which a reasonable jury could find that Countrywide's characterization of the Note as a home equity loan was an inadvertent mistake rather than a voluntary and intentional relinquishment of a known contractual right to conduct a non-

judicial foreclosure.[9]  Countrywide has also adduced evidence that suggests that the loan was a first lien purchase money mortgage subject to a contractual right of non-judicial foreclosure, and not a home equity loan.  In other words, Witt has done enough to raise a fact issue as to waiver, but she has not established beyond peradventure that Countrywide waived its non-judicial disclosure rights, that Countrywide made a binding judicial admission, or that the loan is in fact a home equity loan for which non-judicial disclosure is unavailable.  Accordingly, the court denies Witt's summary judgment motion.

IV

Countrywide's argument that none of the statements on which Witt relies constitutes a "judicial admission[ ]" does not undercut the court's reasoning.  "A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them."  *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001).  But, as noted, a waiver of non-judicial foreclosure, coupled with a failure to assert foreclosure as a counterclaim in the previous suit, may support the conclusion that res judicata bars the claim.  *See*

---

[9]Witt has moved to strike portions of the affidavits on which Countrywide relies, contending that some statements are legal conclusions, they lack a proper predicate, are vague and uncertain, and that the affiant lacks personal knowledge.  To the extent the court has relied on affidavits to which objections have been made, the court conludes that Witt's objections are unsupported and lack merit, and it denies the motion to strike.

*Phillips*, 124 B.R. at 720. In other words, the court need not conclude that Countrywide has made a judicial admission; it need only hold that there is a genuine issue of material fact whether, as a result, Countrywide waived its right to non-judicial foreclosure and that its counterclaim is barred under principles of res judicata.

\* \* \*

For the foregoing reasons, Witt's September 20, 2006 motion for summary judgment and Countrywide's March 23, 2007 motion for summary judgment are denied.

**SO ORDERED**

August 10, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE